
**FILED**
**Oct 24, 2019**
**01:11 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| ROMA BLANKENSHIP,<br>　　　　Employee, | ) Docket No.: 2019-02-0171 |
| v. | ) State File No.: 21230-2019 |
| BALLAD HEALTH,<br>　　　Self-Insured Employer. | ) Judge: Brian K. Addington |

---

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

---

This claim came before the Court on Ms. Blankenship's request for expedited hearing. She asked that the Court decide her entitlement to temporary disability and medical benefits based on a review of the record without an evidentiary hearing. Ballad Health did not oppose her request, and the Court issued a docketing notice giving the parties until October 22, 2019, to file position statements.

To receive benefits, Ms. Blankenship must provide sufficient evidence showing she would likely succeed at a final in proving she suffered a specific work injury or a compensable aggravation of a preexisting condition. Based on the record at this time, the Court holds Ms. Blankenship is not likely to succeed at a hearing on the merits in proving she suffered a specific injury or aggravation and denies her claim for benefits.

### Claim History

Ms. Blankenship worked for Ballad Health as a CNA. According to her affidavit, she felt she worked excessive amounts due to understaffing, which caused her to care for multiple patients simultaneously and miss breaks and lunch. In November 2018, she complained to her unit manager about these work conditions. She also said her ankles were swollen, but she did not allege a specific work injury. Ballad did not file an injury report.

After Ms. Blankenship's complaint, her working conditions did not improve to her satisfaction. She last worked on December 27, 2018.

1

Near the time she stopped working, Ms. Blankenship sought treatment from orthopedist Dr. William Brashear. According to her affidavit, Dr. Brashear prescribed Lyrica and took her off work, but she provided no records supporting this assertion. At some point, however, Dr. Brashear placed her on restrictions that Ballad would not accommodate.

After continued complaints, Ballad sent Ms. Blankenship in February 2019 to Dr. Michael Anders. She told him her left and right-knee pain and ankle swelling began in December 2018 and was "made worse by prolonged walking, stairs." She felt her work as a CNA over the years caused her problems. After taking her history and examining her, Dr. Anders could not causally relate her current symptoms to her work.[1]

On receiving Dr. Anders's opinion, Ms. Blankenship returned to Dr. Brashear with continued complaints of pain. He assessed bilateral patellofemoral osteoarthritis, stating "I do feel this is an exacerbation of an underlying problem." He further told Ms. Blankenship that "not all people have arthritic manifestations even though they have radiographic findings of it." Dr. Brashear continued her Lyrica prescription and released her for full-duty work on March 26, 2019.[2]

## Findings of Fact and Conclusions of Law

The threshold question at this expedited hearing is the causation of Ms. Blankenship's injury. To receive benefits, Ms. Blankenship must show she would likely prevail at a hearing on the merits that she suffered an injury by accident arising primarily out of and in the course and scope of employment that causes the need for medical treatment. *See* Tenn. Code Ann. §§ 50-6-102(14); 50-6-239(d)(1) (2018). She cannot do this without expert medical proof. *See Albright v. Hercules HVAC Pads, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 66, at *13(Dec. 20, 2018) (Except in the most obvious cases, causation must be proven by expert medical evidence.).

Here, two physicians examined Ms. Blankenship, and neither causally related her condition to her work for Ballad. As neither primarily related her condition to her work, the Court holds Ms. Blankenship failed to present sufficient evidence that she would likely succeed at a hearing on the merits in proving causation of her injury. Therefore, the Court also holds she is not entitled to medical or temporary disability benefits at this time.

---

[1] Dr. Anders used an incorrect standard. The correct standard is whether the employment contributed more than fifty percent in causing the injury. Tenn. Code Ann. § 50-6-102(14)(B).

[2] Ballad objected to Dr. Brashear's notes because they were not signed. The notes indicated Dr. Brashear "performed and documented" the notes. The Court overruled the objection.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1.  Ms. Blankenship's request for temporary and medical benefits is denied at this time.

2.  This case is set for a Status Hearing on **January 7, 2020, at 11:00 a.m.** Eastern Time. The parties must call **855-543-5044** to participate. Failure to call at the scheduled time might result in the determination of issues without the party's participation.

**ENTERED October 23, 2019.**

_/S/ Brian K. Addington_
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## Appendix

**Exhibits:**
1.  Ms. Blankenship's Affidavit
2.  Medical Record-Occupational Medicine Clinic (2/5/19)
3.  Medical Record-Appalachian Orthopedic Associates (3/12/19-3/26/19)
4.  First Report of Injury
5.  Wage Statement
6.  Notice of Denial
7.  Dispute Certification Notice

**Technical Record:**
1.  PBD
2.  Employer's Motion to Dismiss
3.  Brief in Support of Motion to Dismiss
4.  Order Denying Motion to Dismiss
5.  Request for Expedited Hearing
6.  Employer's Objection to Admissibility
7.  Employer's Pre-Hearing Brief/Statement
8.  Employer's Position Statement

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent as indicated on October 23, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Roma Blankenship, Employee | X | | X | 140 Painter Rd.<br>Fall Branch, TN 37656<br>catherine62kylie@gmail.com |
| Michael Forrester, Employer's Attorney | | | X | mforrester@hsdlaw.com<br>amcknight@hsdlaw.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____         (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____         (FMV) _____

Other                 $ _____         Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082